IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUSSIAN COLLEGE, INC. ET AL., | : CIVIL ACTION |
| Plaintiffs, | : No. _____ |
| vs. | : |
| JEREMIAH STARPOLI ET AL., | : |
| Defendants. | : |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Velocity Capital Group LLC ("Velocity") and Summit Capital Funding, LLC ("Summit"; with Velocity, the "Removing Defendants"), through undersigned counsel, remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

### BACKGROUND

1. Plaintiffs Hussian College, Inc., Joshua Figuli, David Figuli, and Education Equities Fund, LLC (collectively, "Plaintiffs") instituted the underlying action on September 4, 2024 by filing a complaint (the "Complaint") in the Court of Common Pleas of Philadelphia, Pennsylvania at Case No. 240900422 (the "State Action"). A copy of the Complaint is attached hereto as Exhibit A.

2. In the Complaint, Plaintiffs assert a claim under the Racketeer Influences and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 against the Removing Defendants and the individual defendants, Jeremiah Starpoli, Adrienne Scott, Steven Wojslaw, Eric Heller, and Ronald Kelley (collectively with the Removing Defendants, "Defendants"). *See id.* at Count I.

3. Plaintiffs also assert claims against Defendants for: (1) breach of fiduciary duty; (2) disgorgement; (3) conversion; (4) fraud; and (5) conspiracy to commit fraud and conversion. *See id*. The "Introduction" to the Complaint alleges that the purported conduct of Defendants also constitutes violations of "31 U.S.C. §§ 1331 and 1332, 31 U.S.C. §§ 3729-3733, The False Claims Act, 15 U.S.C. § 78a et seq., 17 CFR 240.10b-5, [and] the Securities Exchange Act." However, Plaintiffs do not set forth claims under such statutes and regulation in the Complaint.

4. Plaintiffs' claims purportedly arise from an alleged scheme by Defendants to "exercise control over the operations of a private college with the objective of securing personal gain by defrauding the Plaintiffs [and various third parties] so that they could obtain continuing access to [certain funds] while diverting funds of the college to their personal benefit through the issuance of unauthorized bonuses, benefits and payment for personal expenses." *Id.* at Introduction.

5. Removing Defendants dispute Plaintiffs' allegations and deny any liability to Plaintiffs.

6. On September 30, 2024, Michael R. Shelton of Legal Solutions LLC entered his appearance on behalf of Defendant Eric Heller. A copy of Attorney Shelton's entry of appearance is attached hereto as Exhibit B.

7. On October 7, 2024, Plaintiffs filed a preacipe to reinstate the Complaint. A copy of Plaintiff's Praecipe to Reinstate is attached hereto as Exhibit C.

8. Although Plaintiffs have not filed any affidavit of service, it is believed that service upon the Removing Defendants was made on or around September 9, 2024.

9. The docket does not reflect service on any defendant.

10. No defendant has filed any answer to the Complaint.

11168103.v2

11. To date, no other proceedings have occurred in this action. A copy of the docket from the State Action is attached hereto as Exhibit D.

## GROUNDS FOR REMOVAL

12. Removing Defendants remove this action pursuant to 28 U.S.C. 1441, which permits a defendant to remove a civil action filed in a state court over which a federal district court could exercise original jurisdiction to the federal district court embracing the place where such action is pending.

13. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

14. This Court has original jurisdiction over Plaintiffs' RICO claim as it plainly arises from a federal statute, specifically 18 U.S.C. §§ 1961 et seq.

15. 28 U.S.C. 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

16. Here, this Court has supplemental jurisdiction over Plaintiffs' common law claims for breach of fiduciary duty, disgorgement, conversion, fraud, and conspiracy under 28 U.S.C. 1367(a) because such claims arise from the same nucleus of facts and "are so related to" Plaintiffs' RICO claim "that they form part of the same case or controversy." *Id.*

## PROCEDURAL REQUIREMENTS

17. Removing Defendants have satisfied all procedural requirements for removing this action.

18. Pursuant to 28 U.S.C. § 1446(a), copies of all filings in the State Action are attached hereto. *See* Exhibits A-D.

19. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is being filed within 30 days of service of the Complaint on the Removing Defendants. As noted above, Removing Defendants believe that they were served on September 9, 2024, making the deadline for removal October 9, 2024.

20. The docket for the State Action does not reflect service upon any defendant. Accordingly, Removing Defendants are not required to seek the consent or joinder of the other defendants prior to filing this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(a) ("When a civil action is removed solely under section 1441(a), all defendants ***who have been properly joined and served*** must join in or consent to the removal of the action.") (emphasis added).

21. Undersigned counsel has nevertheless contacted counsel for defendant Eric Heller regarding this Notice. Counsel for Mr. Heller has consented to the removal of this action.

22. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will provide notice promptly to the Court of Common Pleas and Plaintiffs of the filing of this Notice of Removal. A true and correct copy of the Notice of Filing of Notice of Removal to be filed, without exhibits, is attached hereto as Exhibit E.

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(c) because the United States District Court for the Eastern District of Pennsylvania presides over the federal judicial district embracing the Court of Common Pleas of Philadelphia County, Pennsylvania, where this action was originally filed. *See* 28 U.S.C. § 118(a).

WHEREFORE, Notice is given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

                                        Respectfully submitted,

Dated: October 9, 2024           By: */s/ William A. Harvey*
                                        William A. Harvey, Esq. (Pa. Id.: 25344)
                                        Jordan M. Rand, Esq. (Pa. Id.: 208671)
                                        Isabella H. Gray, Esq. (Pa. Id.: 328803)
                                        Klehr Harrison Harvey Branzburg LLP
                                        1835 Market Street, Suite 1400
                                        Philadelphia, PA 19103
                                        215-569-2700
                                        wharvey@klehr.com
                                        jrand@klehr.com
                                        igray@klehr.com

                                        *Attorneys for Defendants Velocity Capital Group LLC and Summit Capital Funding, LLC*

11168103.v2

## CERTIFICATE OF SERVICE

I, William A. Harvey, hereby certify that I caused a true and correct copy of the foregoing Notice of Notice of Removal to be served via the Court's ECF system, upon acceptance, and as follows:

### VIA EMAIL

Alan S. Fellheimer, Esq.
Leech Tishman Fuscaldo & Lampl, LLC
1417 Locust Street, 3rd Floor
Philadelphia, PA 19102
afellheimer@leechtishman.com
*Attorneys for Plaintiffs*

Michael R. Shelton, Esq.
Legal Solutions LLC
80 N. Main Street, Suite 2A
Doylestown, PA 18901
mshelton@legalsolutionsllc.info
*Attorneys for Defendant Eric Heller*

### VIA FIRST-CLASS MAIL

Jeremiah Starpoli
1625 N Union Street
Wilmington, DE 19806

Adrienne Scott
2685 Kingston Road
York, PA 17402

Steven Wojslaw
875 Silverwood Drive
West Chester, PA 19382

Ronald Kelley
7360 Blue Water Drive
Castle Rock, CO 80108
.

Dated: October 9, 2024                         */s/ William A. Harvey*
                                               William A. Harvey, Esq.

11168103.v2